UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal Action No. 15-152-05 (RMC) |
| BRIAN BRYANT (5), | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

On February 17, 2017, a jury found Defendant Brian Bryant guilty of several charges, including conspiracy and aggravated identity theft. Following the jury's verdict, the Court heard argument concerning the detention of Brian Bryant and his codefendants pending sentencing. *See* Tr. of 2/17/17 Hearing (Tr.) [Dkt. 218]. The Court determined that Brian Bryant should be detained. *Id*. 12:19-13:6. Brian Bryant now moves for release pending his sentencing, *see* Def.'s Mot. for Release Pending Sentencing (Mot.) [Dkt. 249], which the Government opposes, *see* Gov't's Opp'n [Dkt. 250]. Upon consideration of the parties' motions, the Court denies Brian Bryant's motion.

> 18 U.S.C. § 3143(a)(1) (2012) provides that the Court
>
> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

To overcome the presumption that the Court "shall" detain defendants pending sentencing, Mr. Bryant must provide "clear and convincing" evidence that he is not likely to flee or pose a danger to the community.

To meet this burden, Brian Bryant points to his strong ties to the local community, his history of complying with his prior terms of release, and his information that a cooperating witness does not believe Brian Bryant poses a threat to her. *See* Mot. at 1-2. This information does not rise to the level necessary to establish "clear and convincing evidence" that Mr. Bryant is not likely to flee or pose a danger to the community. Mr. Bryant's ties to the community, and behavior while on supervised release, were as true on February 17, 2017 as they are today. Mr. Bryant still faces a considerable prison sentence which serves as a strong incentive to flee. Further, as the Court ruled in February, "there is this concern also about the safety and situation of [the cooperating witness] with the potential for threats for a boiling up of anger now that the verdicts have been reached and declared." Tr. 12:22-25. That concern still exists, even if the cooperating witness does not currently feel threatened. In short, Mr. Bryant's arguments do not constitute sufficiently new or material information to convince the Court to reconsider its earlier ruling, and the risks that existed in February exist just as strongly today.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendant Brian Bryant's Motion for Release from Custody Pending Sentencing [Dkt. 249] be **DENIED**.

Date: October 19, 2017                                        /s/
                                                                            ROSEMARY M. COLLYER
                                                                            United States District Judge